**Opinion filed June 10, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00346-CV

_____

## IN THE INTEREST OF P.M.T., A CHILD

**On Appeal from the 318th District Court**
**Midland County, Texas**
**Trial Court Cause No. AD-32,977**

## M E M O R A N D U M   O P I N I O N

This appeal stems from an order entered in a suit affecting the parent-child relationship with respect to the child, P.M.T. The suit was filed by the child's maternal grandparents (the petitioners). The trial court held a bench trial and entered two orders. In the first order, the trial court terminated the parental rights of P.M.T.'s biological parents and appointed the child's maternal grandmother as the managing conservator. In the second order, the trial court ruled on the petitioners' motion for special findings related to the child's status as a special immigrant. This appeal involves the second order only; none of the parties appeal the order of termination. We affirm.

*Immigration-Related Findings and Appellate Issue*

In the order at issue in this appeal, the trial court made the following special findings:

1. The Court has jurisdiction under Texas law to make judicial determinations about the custody and care of minors.

2. The child is "dependent" on the Court.

3. The child is **not** eligible for long[-]term foster care because of abuse, abandonment, and/or neglect as these terms are defined by state law.

4. It is not in the best interests of the child to return to the child's count[r]y of origin or last habitual residence.

In their sole issue on appeal, the petitioners argue that the trial court erred when it determined that the child was not abandoned under Texas law, and they ask this court to find that the parents abandoned P.M.T.

We first note that the trial court's special findings and the petitioners' motion for special findings appear to be based on an earlier version of immigration law that has since been amended. *See* William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457, § 235(d)(1), 122 Stat. 5044 (2008) (amending Section 101(a)(27)(J) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(27)(J)); *In re Erick M.*, 820 N.W.2d 639, 644–45 (Neb. 2012); *In re Mario S.*, 954 N.Y.S.2d 843, 848–49 (N.Y. Fam. Ct. 2012). The current version of the Immigration and Nationality Act differs somewhat with respect to the trial court's Special Finding No. 3 in that it no longer contains the language regarding long-term foster care but, instead, includes language that "reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law." 8 U.S.C. § 1101(a)(27)(J). However, because the petitioners referred to the prior version in their motion, because eligibility for long-term foster care means that a juvenile court has determined that

reunification is no longer a viable option,[1] because both versions use the term "abandonment" in similar fashion, and because the only issue on appeal relates to the meaning of "abandonment" under Texas law, we will address the issue as briefed on appeal.

*Analysis*

A child may be eligible for special immigrant juvenile status, which permits the child to apply for a green card while remaining in the United States, if the child obtains findings of fact from a State juvenile court and then applies for and obtains such status from the United States Citizenship and Immigration Services. Section 1101(a)(27)(J) provides that a special immigrant juvenile is an immigrant who is present in the United States who meets the following criteria:

> (i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law;
>
> (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence; and
>
> (iii) in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status . . . .

The trial court applied the definition of abandoned as found in Chapter 152 of the Texas Family Code, the Uniform Child Custody Jurisdiction and Enforcement Act. *See* TEX. FAM. CODE ANN. § 152.101 (West 2014). Section 152.102(1) provides that, in Chapter 152, abandoned "means left without provision for

---

[1]*See* 8 C.F.R. § 204.11(a) (2009); *In re: [Identifying Information Redacted by Agency]*, 2011 WL 7790475 (DHS), at \*2 n.1 (I. & N. Dec. Mar. 28, 2011).

reasonable and necessary care or supervision." We note that the Texas legislature defined "abandon" similarly in the Penal Code when it criminalized the abandonment of a child under certain circumstances. TEX. PENAL CODE ANN. § 22.041 (West 2011). Section 22.041(a) provides that "abandon," as referred to in Section 22.041, means "to leave a child in any place without providing reasonable and necessary care for the child, under circumstances under which no reasonable, similarly situated adult would leave a child of that age and ability." Furthermore, the Texas Supreme Court has stated that "abandoned" means "deserted" and that "abandonment" with respect to a child means the desertion of a child by the child's parents under circumstances that implied a conscious disregard or indifference to the child. *Hendricks v. Curry*, 401 S.W.2d 796, 800–01 (Tex. 1966). The court in *Hendricks* held that a mother had not deserted or abandoned her child when she placed the child with adoptive parents for the purpose of better providing for the child's welfare. *Id.*; *see also Swinney v. Mosher*, 830 S.W.2d 187, 192–94 (Tex. App.—Fort Worth 1992, writ denied).

In the present case, the trial court acknowledged that the parents had signed voluntary affidavits of relinquishment and that the parents had essentially given P.M.T. to her maternal grandparents when she was born. The trial court found that the grandparents had provided for, cared for, and supervised P.M.T. and had "done it very well . . . since this young lady's birth." The trial court determined that such a scenario did not qualify as "abandonment" under Texas law. We agree with the trial court's assessment based upon the undisputed facts presented at trial. We cannot hold that P.M.T. was abandoned as that term is defined under Texas law. The sole issue on appeal is overruled.

4

*This Court's Ruling*

We affirm the trial court's order on the petitioners' motion for special findings.

JOHN M. BAILEY
JUSTICE

June 10, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.